DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone: (949) 614-5830
Facsimile: (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ARRIOLA on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINO'S PIZZA, LLC, a Michigan Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Failure to Separately Pay All Wages for Work Performed**<br>**(2) Failure to Issue Accurate Itemized Wage Statements**<br>**(3) Waiting Time Penalties**<br>**(4) Unfair Business Practices Under the UCL**<br><br>DEMAND FOR JURY TRIAL |

0

**COMPLAINT**

Plaintiff Thomas Arriola, on behalf of himself and all other similarly situated ("Plaintiff"), hereby files this Complaint against Defendant Domino's Pizza, LLC ("Domino's") and DOES 1-10 (hereinafter collectively referred to as "Defendants"). Plaintiff brings this action against Defendant pursuant to the California Labor Code and California's Unfair Competition Law for its failure to separately pay Plaintiff and other drivers for performing certain non-driving work, including work done before and after shifts and mandatory meetings and trainings and tray pick-ups; its failure to provide accurate itemized wage statements; its failure to keep required payroll records, and its failure to pay Plaintiff's wages due upon termination of employment. As a result, Defendants have violated California statutory law as described below.

## PARTIES TO THE ACTION

1. Plaintiff Thomas Arriola has worked as a truck driver for Domino's Pizza from February 2016 to the present delivering products, including mushrooms to Defendant's various pizza stores. He is and was a resident of the County of San Bernardino, State of California, at all relevant times including within the four years preceding the filing of this Complaint. Throughout the time he worked for Domino's Pizza, he spent most of his time driving routes in California and drove routes through and in Orange County and the Los Angeles area.

2. Defendant Domino's Pizza, LLC is a limited liability company organized under the law of the State of Michigan. Domino's operates as a pizza delivery company in the United States. As of 2018, it operates approximately 14,800 stores in approximately 85 markets. It is headquartered in Ann Arbor, Michigan. Domino's also operates as a transportation services company, of sorts, providing delivery services for its individual businesses throughout the nation, including California. Domino's employs hundreds of truck drivers in California and receives income from doing business in California.

1

**COMPLAINT**

3. The true names and capacities of Defendants DOES 1 to 10 are unknown to Plaintiff who will amend this complaint to allege such names and capacities as soon as they are ascertained. Each Defendant designated herein as DOE is in some manner legally responsible for the unlawful acts and damages alleged herein.

## **GENERAL ALLEGATIONS**

4. Plaintiff Thomas Arriola worked for Domino's Pizza, LLC as truck driver out of Domino's Ontario facility. The primary function of Domino's truck drivers is to drive a truck/trailer for the purpose of delivering and unloading various products (cheese, boxes, trays, meats, dough, sauce, etc.). From a nationwide network of 16 supply chain centers, Domino's supports its individual stores with more than 200 different products. Delivery and Service drivers drive a truck, usually over an established route, to deliver these products to Domino's stores.

5. Each driver is required to perform all pre-trip duties, including reviewing driver manifests, counting and checking customer invoices of products that have been loaded, moving tractors to the loading dock to attach preloaded trailers, completing required trailer temperature checks, and performing pre-trip safety inspections according to DOT regulations. Next, each driver is required to drive to and deliver customer's orders and maintain adequate productivity rates to meet strict delivery schedules. Then, each driver must visually survey a customer's site during the approach to determine hazards. The drivers unload products from the trailer with a hand truck or by hand and place items in designated customer storage areas and verify delivery of correct items from the invoice and collect money (checks) where required. Sometimes, the drivers drive backhauls, which require picking up product from vendors and returning them to the warehouse for receiving while "staying within DOT Hours of Service." Drivers are required to attend company meetings. Drivers perform all post-trip responsibilities, including

unloading damaged goods and customer returns and competing necessary paperwork, performing safety checks on the truck and trailer, completing DOT logs, and completing company vehicle maintenance reports (DVIR).

6. Domino's drivers are also required to pick-up empty trays over the course of their routes. Drivers are required to pick-up empty trays during their routes at least 2-3 times per week. This work takes approximately 15-30 minutes.

7. Domino's does not adequately pay its drivers for any of this work. Plaintiff and other truck drivers were all paid the same: piece-rate compensation based on the number of **miles** and the **weight** of the load they carry. This pay structure is permissible under California law so long as Domino's adequately pays its drivers for other non-driving work. It does not.

8. Instead, Domino's conveniently *assumes* it takes drivers only a total of 45 minutes to complete their mandatory DOT pre-shift and post-shift safety inspections. Thus, it pays drivers for only 45 minutes of work at a flat rate of $20 per hour. Then, it *assumes* drivers only take 30-minutes for counting loads and paperwork. Thus, Domino's only pays its drivers a flat rate for 30 minutes of work at a rate of $20 per hour. Of course, Domino's issues these flat rate payments based on estimates that have no basis in time records, or studies on how long it takes driver to complete all of this work. All of this work almost always exceeds 45 minutes for a variety of reasons, including drivers' trucks not being ready due to mechanical issues, loads not being properly counted or loaded, or missing product. In addition, drivers are not paid for mandatory training and safety meeting that they are required to attend at least 4-6 times per year. Moreover, Domino's does not separately pay its drivers for additional non-driving work such as counting cargo, traffic and weather delays, and restocking refrigerated and room temperature items.

9. Domino's also does not adequately pay its drivers for empty tray pick-ups. Drivers are required to pick-up empty trays during their routes at least 2-3 times per week. This work takes approximately 15-30 minutes but Domino's only

3

pays drivers a flat-rate of $5 for this work. Like other non-driving tasks, Domino's does not track the time it takes for drivers to do this work, and thus, does not pay drivers adequately for all this work.

10. Accordingly, Domino's method of compensation which includes a piece-rate plus flat-rate payments violates California law because it does not adequately pay its drivers for all of their working time. To mask its illegal pay structure, Domino's does not track the amount of non-driving hours its drivers work during their shifts. Thus, it has no idea of the actual time it takes any one driver to perform, for example, his pre-shift duties and tray pick-ups. Domino's has a duty to devise technological methods to record all time however small. Thus, these violations result in Domino's failure to provide accurate, itemized wage statements and its failure to pay all compensation due at the termination of employment.

11. Domino's knew it took drivers longer to do this work and yet did not adequately pay them for this time. For example, Mr. Arriola meticulously wrote down any delay time or non-driving time he worked to notify Domino's that he should be paid for this time. Although Domino's sporadically paid him for some of this time, it did not regularly pay him for all of his non-driving time. Mr. Arriola complained to Human Resources whenever he was not paid for all his non-driving working time. But even after he followed up several times, he still was not paid for all of his non-driving working time. No doubt this was the case for Domino's other drivers.

### SPECIFIC VIOLATIONS OF THE CALIFORNIA LABOR CODE

12. ***Unpaid Wages:***

a. <u>Non-driving work</u>: California Labor Code §§ 204, 226.2 and 1197, and Wage Order 9-2001 require Domino's to pay Plaintiff and other drivers the contract wage (or at least minimum wage) for all wages due. Plaintiff and other drivers were not adequately paid for non-driving work they were required to perform.

1 | This work includes pre- and post-trip work that exceeds 45 minutes, tray pick-ups that can take 15-30 minutes at least 2-3 times per week, and additional non-driving time such as delays and traffic for which drivers were not paid. Drivers are not separately paid for this time, nor are they paid for the actual time it takes to perform his work. Instead, drivers are paid flat rates for this work. In addition, drivers are not paid for mandatory training and safety meeting that they are required to attend at least 4-6 times per year.

b. <u>Inaccurate Miles</u>: In addition, Domino's also does not pay Plaintiff and other truck drivers for all the miles they drive. While Domino's compensation formula is based on miles driven (and weight which is constant), Domino's did not accurately compute those miles. Domino's would often short-change its drivers because it calculated mileage based on the distance to a city's post office, rather than a driver's final destination.

## **Failure to Furnish Accurate Wage Statements**

13. Labor Code § 226(a) requires employers to furnish each employee with a statement that accurately reflects gross wages earned, the total number of hours worked, and the net wages earned. Labor Code § 226(b) provides that if an employer fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.

Domino's intentionally failed to furnish and continue to intentionally fail to furnish each Plaintiff with timely, itemized statements that accurately reflect the gross wages earned, the total number of hours worked and the net wages earned as required. In particular, Domino's fails to include its drivers' piece rate, or actual hours worked directly on the paystubs.

//

## Waiting Time Penalties

14. Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge. Labor Code § 202 requires an employer to promptly pay compensation due and owing within 72 hours of that employee's termination of employment by resignation or otherwise. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, then the employer is liable for waiting time penalties in the form of continued compensation up to 30 workdays. Labor Code § 210 provides penalties for any delay in paying wages. This allows current employees to recover penalties for late payments.

15. Domino's failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages, including unpaid wages to the Plaintiff and other drivers whose employment terminated as required. As a result, Domino's is liable for waiting time penalties, together with interest and attorneys' fees and costs under California Labor Code § 203 and § 210.

## Failure to Keep Required Payroll Records

16. Domino's has violated Wage Order 9-2001, California Labor Code §§ 226 and 1174 by willfully failing to keep required payroll records showing the actual hours worked on a daily basis by the Plaintiff. Domino's is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2698 in the amount of $500.00 per violation.

## JURISDICTION AND VENUE

17. Plaintiff was an employee of Domino's within the State of California and was subject to the unlawful policies at some point during the past four years.

18. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(d), the Class Action Fairness Act ("CAFA").

**COMPLAINT**

19. Plaintiff's claims are not subject to arbitration because he and other Domino's delivery drivers are engaged in interstate commerce and therefore exempt from the application of the Federal Arbitration Act 9 ("FAA"). *See Carmona v. Domino's Pizza, LLC*, No. 21-55009 (9th Cir. July 21, 2023) (affirming the district court's order denying Domino's motion to compel arbitration. Domino's drivers are exempt from the FAA because they are engaged in interstate commerce.).

20. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division, including contracting to supply goods and services in California.

## CLASS ACTION ALLEGATIONS

21. This action is maintainable as a class action pursuant to Fed. R. Civ. P. Rule 23 as to claims for unpaid wages, the failure to issue accurate itemized paystubs, and the failure to timely pay former and current employees. The Business & Professions Code § 17200 claim is based upon three theories: (i) unfair conduct as a result of the anti-competitive actions of Defendant, (ii) fraudulent behavior of Defendant as defined by the UCL, and (iii) the unlawful failure to comply with the California Labor Code. Plaintiff is representative of those other employees and is acting on behalf of their interests. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's own employment records.

22. Plaintiff identifies the following class:

**All California drivers who performed work for Domino's under its piece-rate compensation scheme from four (4) years prior to the filing of this Complaint to the date of final disposition.**

23. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

## NUMEROSITY OF CLASS

24. The employees identified in the above class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, the Plaintiff believes that over 100 employees would fall within the putative Class. The exact number is easily ascertained from Defendant's own employment records, which are presently within the control of Defendant. Furthermore, upon application by Plaintiff's counsel for certification of the Class, the Court may be requested to also incorporate or amend the sub-Classes in the interest of justice and judicial economy.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF FACT AND LAW

25. Common questions of law and fact exist as to the class members that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   i. Whether Defendant violated California Labor Codes §§ 204, 226, 1194, and 1197 by failing to separately and adequately pay its drivers non-driving work;

   ii. Whether Defendant violated Labor Code §§ 226 and 1174 by failing to keep accurate records of employees' hours of work, gross wages earned, and net wages earned.;

   iii. Whether Defendant violated Labor Code § 226(a) and (b) by failing to issue its drivers accurate, itemized statement showing all hours worked;

   iv. Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due and owing at the time that Plaintiff's and other Class Members' employment with Domino's was terminated;

    v.      Whether Domino's violated Business and Professions Code Section 17200 by engaging in the above-stated violations of the California Labor Code;

    vi.     What were the policies, practices, programs, procedures, protocols, and plans of Domino's regarding payment of all wages for all hours worked by its drivers; and

    vii.    The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

## TYPICALITY

26. Plaintiff's claims are typical of the claims of the Class they seek to represent. Plaintiff and all class members work or have worked for Defendant as delivery drivers in California. Plaintiff and all class members have the same right to be compensated for non-driving work. Plaintiff and all class members have the same right to be issued accurate, itemized wage statements. In addition, Plaintiff and all class members have the same right to be paid all wages due at the end of their employment. Plaintiff and all class members have suffered damages and injury resulting from Defendant's wrongful conduct. In addition, Plaintiff and the class members are entitled to equitable relief, as permitted by law, because Defendant's violations of state statutes have harmed the class members and constitute an unfair business practice, especially when compared to those competitors who comply with wage and hour laws.

## ADEQUACY

27. Plaintiff will fairly and adequately represent and protect the interests of the class members. Plaintiff has retained counsel competent and experienced in complex class actions, and labor and employment litigation.

//

## SUPERIORITY

28. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants to recover such damages. Even if the individual class members could afford to prosecute their claims separately, the court system could not. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## *FIRST CAUSE OF ACTION*
## FAILURE TO PAY ALL WAGES FOR NON-DRIVING TIME
(California Labor Code §§ 1194, 226.2)

29. Plaintiff and the Class incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

30. Defendant paid its drivers based on the number of miles they drive and the weight of the load they carry. Defendant also paid its drivers flat rate payments but these payments were woefully inadequate to pay for all the work. The flat rate payments (at $20 an hour) are based on inaccurate estimates of the amount of time it takes to compete this work. Domino's assumes it only takes drivers 45 minutes to finish their pre- and post-shift work, and 30-minutes for counting loads and paperwork. However, this work typically takes much longer due to delays, equipment malfunctions, inaccurate loads, and several other variables. Drivers are not paid for this extra time and simply issued the flat rate payment based on Domino's erroneous estimates. Domino's also only pays its drivers flat rate of $5 for tray picks which typically take 15-30 minutes, but Domino's only pays drivers a

flat-rate of $5 for this work. In addition, drivers are not paid for mandatory training and safety meeting that they are required to attend at least 4-6 times per year. Moreover, Domino's does not separately pay its drivers for additional non-driving work such as counting cargo, traffic and weather delays, and restocking refrigerated and room temperature items.

31. California Labor Code § 1194 states that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

32. Moreover, California Labor Code § 226.2(a) states that employees compensated on a piece-rate basis must be compensated for other nonproductive time separate from any piece-rate compensation.

33. Plaintiff and the Class thus seek and are entitled to all uncompensated wages for non-driving work, plus interest, and attorneys' fees and costs, as well as all other legal and equitable relief such as a court may find just and proper.

## SECOND CAUSE OF ACTION
### FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS
(California Labor Code §§ 226(a), 226(b), 226(e))

34. Plaintiff and the Class incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

35. California Labor Code § 226(a) requires that employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement that accurately reflects the total number of hours worked. California Labor Code § 226(a)(2)(A) further requires that the itemized statement shall, in addition to the other items specified in that subdivision, the rate of compensation, and the gross wages paid for those periods during the pay period.

11

**COMPLAINT**

36. Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to $4000.

37. Domino's wage statements are woefully inadequate in this regard. Domino's knowingly and intentionally failed to furnish, and continues to knowingly and intentionally fail to furnish, Plaintiff and the Class with timely, itemized statements that accurately reflect the total number of hours worked.

38. Plaintiff thus seek the amounts provided in Labor Code § 226(e) for the three-year period prior to the filing of this Complaint, up to and including the present, plus interest, and attorneys' fees and costs, as well as all other legal and equitable relief such as a court may find just and proper.

39. Indeed, Domino's paystub policy was not an "isolated and unintentional payroll error due to a clerical or inadvertent mistake."

## THIRD CAUSE OF ACTION
## LATE PAY AND WAITING TIME PENALTIES
(Cal. Labor Code §§ 200-203, and 210)

40. Plaintiff and the Class incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

41. California Labor Code §§ 201, 202, and 210 require an employer to pay its employees <u>all wages due within the time</u> specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages. Labor Code § 210 allows current employees to sue for late wages.

12

**COMPLAINT**

42. Class Members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation for unpaid non-driving work, and rest periods.

43. Defendant has failed to pay all wages in a timely manner.

44. As a consequence of Defendant's willful failure to timely compensate Plaintiff and the proposed Class for all hours worked, Class Members whose employment ended during the applicable Class Period are entitled to thirty days' wages under Labor Code §§ 203 and 210, together with interest thereon and attorneys' fees and costs, including and attorneys' fees and costs for vindicating a public interest in pursuing these late pay claims, under California Code of Civil Procedure § 1021.5.

### *FOURTH CAUSE OF ACTION*
### **UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES**
(California Business and Professions Code Section 17200, et seq.)

45. Plaintiff and the Class incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

46. Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to separately compensate for all non-piece rate work pursuant to Labor Code § 226.2; to provide accurate itemized wage statements and keep payroll records pursuant to Labor Code §§ 226, 226.2; and to pay all wages due upon termination of employment under California Labor Code §§ 201 and 202. Domino's conduct of failing to separately and adequately pay for all hours worked, allowing its employees to work without providing accurate itemized wages statements, and failing maintain accurate records directly violate state law, constitute and was intended to constitute unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

13

**COMPLAINT**

47. Defendant's numerous violations of California law, as well as the other statutory and regulatory violations alleged herein, constitute unlawful business actions and practices in violation of Business and Professions Code§ 17200, et seq.

48. Pursuant to Business and Professions Code § 17200, et seq., Plaintiff and the proposed Classes are entitled to restitution of the unpaid wages among other relief alleged herein, that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action.

49. Plaintiff further seeks injunctive relief under the UCL to enjoin Defendant's unfair, lawful, and deceptive practice of failing to compensate its employees according to law. Plaintiff may pursue these injunctive claims without complying with class certification requirements. *McGill v. Citibank, N.A.*, __ Cal.5th __ (Slip op at 13-14) (April 6, 2017).

50. Plaintiff also requests an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **REQUEST FOR RELIEF**

1. WHEREFORE, Plaintiff, on behalf of himself and the other similarly situated employees, request judgment and the following specific relief against Defendant as follows:

2. That the Court determine that this action may be maintained as a class action under Fed. R. Civ. P. Rule 23;

3. That Defendant is found to have violated the above-referenced provisions of the California Labor Code and IWC Wage Order 9 as to Plaintiff and the Class;

4. That the Court find that Domino's has violated the record-keeping provisions of Labor Code §§ 226 and 1174(d) as to Plaintiff and the Class;

1 | 5. That the Court find Domino's violated California Labor Code §§ 204, 1197, 1198, 226.2 and Wage Order No. 9-2001 by failing to compensate Plaintiff and the Class for all the work they performed for Defendant;

6. That the Court find that Domino's has violated California Labor Code § 226 by failing to timely furnish Plaintiff and the Class itemized statements accurately showing the total hours worked by each of them;

7. That the Court find that Domino's has violated Labor Code §§ 201, 202, and 203 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiff and the Class;

8. That Defendant be ordered and enjoined to pay restitution to Plaintiff due to Defendant's unlawful and/or unfair activities, pursuant to Business & Professions Code §§ 17200-17205;

9. That the Court find that Defendant's violations as described have been willful;

10. That Domino's further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business & Professions Code § 17200, pursuant to Section 17203;

11. That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Civil Procedure Code § 1021.5, California Labor Code § 1194, and/or other applicable law; and

12. That the Court award such other and further relief as this Court may deem appropriate.

Dated: July 28, 2023                    D<small>ESAI</small> L<small>AW</small> F<small>IRM</small>, P.C.

                                        By:   /s/ *Aashish Y. Desai*
                                              Aashish Y. Desai
                                              Adrianne De Castro
                                              Attorneys for Plaintiff and the
                                              putative class

Plaintiff demands trial by jury on all issues so triable.

Dated: July 28, 2023                    D<small>ESAI</small> L<small>AW</small> F<small>IRM</small>, P.C.

                                        By:   /s/ *Aashish Y. Desai*
                                              Aashish Y. Desai
                                              Adrianne De Castro
                                              Attorneys for Plaintiff and the
                                              putative class

**COMPLAINT**